UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ROBERT TAYLOR BLUHM,

        Petitioner,

v.

RANDEE REWERTS,

        Respondent.

Case No. 1:19-cv-625

Honorable Paul L. Maloney

_____/

## **OPINION**

        This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court will dismiss the petition without prejudice for failure to exhaust available state-court remedies.

**Discussion**

I. **Factual allegations**

Petitioner Robert Taylor Bluhm is incarcerated with the Michigan Department of Corrections at the Carson City Correctional Facility (DRF) in Carson City, Michigan. Petitioner pleaded guilty in the Allegan County Circuit Court to third-degree criminal sexual conduct (CSC-III) in violation of Mich. Comp. Laws § 750.520d(1)(b). On September 28, 2015, the court sentenced Petitioner to a sentence of 7 years, 9 months to 15 years.

On August 1, 2019, Petitioner, with the assistance of counsel, filed his habeas corpus petition raising four grounds for relief, as follows:

I. Mr. Bluhm's plea was not voluntary or intelligent by its nature.

II. Defendant did not commit rape and is innocent.

III. Mr. Bluhm had . . . ineffective assistance of counsel throughout his plea and sentencing.

IV. Mr. Bluhm was denied important evidence in violation of the *Brady* Rule.

(Pet., ECF No. 1, PageID.6-11.)

II. **Exhaustion of State Court Remedies**

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39.

Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a

petitioner's constitutional claim. *O'Sullivan*, 526 U.S. at 844, 848; *see also Picard v. Connor*, 404 U.S. 270, 275-77 (1971); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *O'Sullivan*, 526 U.S. at 845; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).

Fair presentation has a substantive component and a procedural component. With regard to substance, fair presentation is achieved by presenting the asserted claims in a constitutional context through citation to the Constitution, federal decisions using constitutional analysis, or state decisions which employ constitutional analysis in a similar fact pattern. *Picard*, 404 U.S. at 277-78; *Levine v. Torvik*, 986 F. 2d 1506, 1516 (6th Cir. 1993). With regard to procedure, "[t]he fair presentation requirement is not satisfied when a claim is presented in a state court in a procedurally inappropriate manner that renders consideration of its merits unlikely." *Black v. Ashley*, No. 95-6184, 1996 WL 266421, at *1-2 (6th Cir. May 17, 1996) (citing *Castille v. Peoples*, 489 U.S. 346, 351 (1998)); *see also Long v. Sparkman*, No. 95-5827, 1996 WL 196263, at *2 (6th Cir. April 22, 1996), *cert. denied*, 117 S. Ct. 124 (1996); *Fuller v. McAninch*, No. 95-4312, 1996 WL 469156, at *2 (6th Cir. August 16, 1996).

Presentation of an issue for the first time on discretionary review to the state supreme court does not fulfill the requirement of "fair presentation." *Castille*, 489 U.S. at 351. Applying *Castille*, the Sixth Circuit repeatedly has recognized that a habeas petitioner does not comply with the exhaustion requirement when he fails to raise a claim in the state court of appeals, but raises it for the first time on discretionary appeal to the state's highest court. *See Skinner v.*

3

*McLemore*, 425 F. App'x 491, 494 (6th Cir. 2011); *Thompson v. Bell*, 580 F.3d 423, 438 (6th Cir. 2009); *Warlick v. Romanowski*, 367 F. App'x 634, 643 (6th Cir. 2010); *Granger v. Hurt*, 215 F. App'x 485, 491 (6th Cir. 2007); *Dunbar v. Pitcher*, No. 98-2068, 2000 WL 179026, at *1 (6th Cir. Feb. 9, 2000); *Miller v. Parker*, No. 99-5007, 1999 WL 1282436, at *2 (6th Cir. Dec. 27, 1999); *Troutman v. Turner*, No. 95-3597, 1995 WL 728182, at *2 (6th Cir. Dec. 7, 1995); *Hafley*, 902 F.2d at 483; *accord Parkhurst v. Shillinger*, 128 F.3d 1366, 1368-70 (10th Cir. 1997); *Ellman v. Davis*, 42 F.3d 144, 148 (2d Cir. 1994); *Cruz v. Warden of Dwight Corr. Ctr.*, 907 F.2d 665, 669 (7th Cir. 1990); *but see Ashbaugh v. Gundy*, 244 F. App'x 715, 717 (6th Cir. 2007) (declining to reach question of whether a claim raised for the first time in an application for leave to appeal to the Michigan Supreme Court is exhausted). Unless the state supreme court actually grants leave to appeal and reviews the issue, it remains unexhausted in the state courts.

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner acknowledges that he did not raise his four habeas issues in the Michigan Court of Appeals. Instead, he raised them for the first time in his application for leave to appeal to the Michigan Supreme Court. The supreme court denied leave. Because Petitioner's presentation of the issues to the Michigan Supreme Court was not procedurally proper, his inclusion of the issues in his application for leave to appeal to the supreme court did not exhaust the claims in that court.

Petitioner returned to the trial court and raised his habeas issues in a motion for relief from judgment. The trial court denied that motion by order entered March 19, 2019. Petitioner then filed his habeas petition, contending that further resort to the Michigan appellate

4

courts was superfluous where the Michigan Supreme Court had already denied an application for leave to appeal that includes his habeas issues.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at least one available procedure by which to raise the issues he has presented in this application. He may appeal the circuit court's order denying his motion for relief from judgment. He has six months from the date of the circuit court's order to file a delayed application for leave to appeal with the Michigan Court of Appeals. *See* Mich. Ct. R. 7.203(G)(3). Therefore, the Court concludes that he has at least one available state remedy. To properly exhaust his claim, Petitioner must file an application for leave to appeal in the Michigan Court of Appeals, raising the same four grounds for relief that he presented in his motion for relief from judgment in the Allegan County Circuit Court. If his appeal is denied by the Michigan Court of Appeals, he must appeal that decision to the Michigan Supreme Court, raising the same four grounds for relief. *O'Sullivan,* 526 U.S. at 845; *Hafley,* 902 F.2d at 483 ("'[P]etitioner cannot be deemed to have exhausted his state court remedies as required by 28 U.S.C. § 2254(b) and (c) as to any issue, unless he has presented that issue both to the Michigan Court of Appeals and to the Michigan Supreme Court.'") (citation omitted).

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1)(A), the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his application

5

on May 1, 2018. Petitioner did not petition for certiorari to the United States Supreme Court, though the ninety-day period in which he could have sought review in the United States Supreme Court is counted under § 2244(d)(1)(A). *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on Monday, July 30, 2018. Accordingly, absent tolling, Petitioner would have one year, until July 30, 2019, in which to file his habeas petition.

The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed"). Petitioner alleges that he filed such a petition on November 30, 2018, 123 days after the period of limitations commenced to run. The period remains tolled because that application for post-conviction relief is still pending.

In *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002), the Sixth Circuit held that when the dismissal of a "mixed"[1] petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. The Court indicated that thirty days was a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days was a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. The instant case does not present a mixed petition because none of Petitioner's claims are exhausted. It is unclear whether *Palmer* applies to a "non-mixed" petition. Assuming *Palmer* applies, Petitioner

---

[1] A "mixed petition" is a habeas corpus petition that contains both exhausted and unexhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982).

has more than sixty days remaining in the limitations period, and, thus, he is not in danger of running afoul of the statute of limitations so long as he diligently pursues his state court remedies. Therefore, a stay of these proceedings is not warranted.

## Conclusion

For the foregoing reasons, the Court will dismiss the petition for failure to exhaust available state-court remedies.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.*

I have concluded that Petitioner's application should be denied for lack of exhaustion. Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id*.

I find that reasonable jurists could not find it debatable whether Petitioner's application should be dismissed for lack of exhaustion. Therefore, a certificate of appealability will be denied.

The Court will enter an order and judgment consistent with this opinion.

Dated:   August 22, 2019               /s/ Paul L. Maloney
                                                        Paul L. Maloney
                                                        United States District Judge